IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGEL R. OCASIO,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-04-1272 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **COUNTY OF DAUPHIN, PA, et al.,** | : | |
| | : | |
| Defendants. | : | |

## M E M O R A N D U M

**I.      Introduction**

       Plaintiff, Angel R. Ocasio, formerly[1] an inmate at the Dauphin County Prison in Harrisburg, Pennsylvania, commenced this *pro se* civil rights action with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983.   Named as Defendants are Dauphin County, Pennsylvania; Dauphin County Prison ("DCP"); Prime Care, Inc.; and DCP Warden, D. Derose.  Plaintiff alleges that Defendants exposed him to unhealthy prison conditions and that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment proscription of cruel and unusual punishment.

       Presently before the Court is the motion of Prime Care, Inc. (Doc. 16) to dismiss Plaintiff's complaint, and the motion for summary judgment (Doc. 19) filed by Dauphin County and Warden DeRose.  The motions have been briefed, and they are ripe for

---

[1] Plaintiff is currently incarcerated at the State Correctional Institution in Waymart, Pennsylvania.

1

disposition. For the following reasons, the motions will be granted, and the complaint will be dismissed under 28 U.S.C. § 1915 as it relates to DCP.

## II.     Background

Plaintiff alleges that he suffers from a "chronic skin condition that [had] not been taken care of appropriately" (Doc. 1 at 2) while he was incarcerated in DCP (December 9, 2003 to July 27, 2004). He claims that although he was treated for his condition (acute contact dermatitis (Doc. 18 at ¶ 2)), it was allowed to "worsen and develop to a painful internal infection without consulting a specialist." (*Id.*) He also alleges that conditions at DCP are "horrendous[:] paint chips and peeling paint abound, . . . dust & dirt are everywhere, . . . [a]t times the drinking water comes out yellow and there is a big problem with mice, roaches & other rodents at [DCP]." (Doc. 1 at 3, Attachment B). For relief he seeks: (1) cessation of deductions from his prison account for room and board; (2) monetary damages in the amount of $250,000.00, together with legal fees and payment of medical bills; and (3) injunctive relief[2] in the form of "independent analysis of the environmental conditions at [DCP] . . . ." (Doc. 1 at 4.)

## III.    Discussion

### A. Motion to Dismiss Prime Care, Inc.

Defendant, Prime Care, Inc., has filed a motion to dismiss Plaintiff's complaint (Doc. 16). The motion is based, in part, upon a contention that there are no specific

---

[2]To the extent that Plaintiff seeks injunctive relief, his claim will be dismissed as moot since Plaintiff is no longer housed at Dauphin County Prison. "Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); *see also Carter v. Thompson*, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).

2

allegations of wrongdoing by Primecare, Inc., and § 1983 liability may not be premised on a theory of respondeat superior.  The Court agrees.

### 1. Motion to Dismiss Standard

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true.  *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief.  *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004).  The Court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents.  *See Angstadt v. Midd-West School Dist.*, 377 F.3d 338, 342 (3d Cir. 2004).  A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).  However, the Court is mindful that *pro se* complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### 2. Deliberate Indifference

In order to state a viable § 1983 claim, a Plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).  The Constitutional issue

3

implicated in this case is the Eighth Amendment requirement that prison officials provide adequate medical care to inmates, and make reasonable efforts to assure prisoner health and safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). That duty is violated when prison officials know of and disregard an excessive risk to inmate health or safety. Id. at 837. Not every illness or injury enjoys constitutional protection; only serious medical needs or injuries will give rise to constitutional scrutiny. *Gerber v. Sweeney*, 292 F.Supp.2d 700, 706 (E.D. Pa. 2003).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), as here, the prisoner/plaintiff claimed that inadequate medical treatment violated his Eighth Amendment protection from cruel and unusual punishment. The Supreme Court acknowledged that the government has an obligation to provide medical care to its prisoners, but held that a constitutional violation does not occur unless the Plaintiff can show Defendants had a "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." *Id.* at 104 (citation omitted).

Plaintiff concedes that he received medical care for his skin condition, and he avers that prison medical personnel treated his subsequent infection with an antibiotic. (Doc. 1 at 3, Attachment B). However, Plaintiff claims that the antibiotic was not administered as long as Plaintiff deemed necessary. (*Id.*) (". . . treating my infection with an antibiotic regimen only to stop before all the infection had cleared away.") Further, he contends that he was not allowed to shower as often as he thought necessary to battle his skin problem. A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

4

If inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. *Id.* Although there is no heightened pleading standard for § 1983 actions, Plaintiff's complaint has no allegations and there is no inference that Prime Care, Inc. was deliberately indifferent to Plaintiff's serious medical needs. At best, Plaintiff's allegations establish mere negligence, and he does not present any allegation of a "substantial risk" to a "serious medical condition" caused by Defendants' treatment.

Moreover, it is well-established that "[A] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondent superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988). The personal involvement requirement can be satisfied by a showing of "personal direction or of actual knowledge and acquiescence." *Id.*; *Pansy v. Preate*, 870 F. Supp. 612, 630 (M.D. Pa. 1994), *aff'd mem.*, 61 F.3d 896 (3d Cir. 1995). Nevertheless, an official who actually knew of a substantial risk to inmate health or safety will not be liable where the official acted reasonably in response, even if the harm ultimately ensues. *Id*. at 844. Although the Court recognizes that Plaintiff's skin condition and his subsequent infection likely constitute a serious medical condition, there is nothing in the complaint to indicate that the medical personnel are responsible for anything other than choosing a different path for Plaintiff's treatment than he would have preferred. Furthermore, there is no indication that Prime Care, Inc. had any knowledge of or acquiescence in any sort of substandard care. Plaintiff's complaint is devoid of allegations or an inference that Prime Care, Inc. knew of and disregarded a substantial risk to Plaintiff's serious medical condition. This does not rise to the level of an Eighth Amendment claim, and the motion to dismiss will be granted.

### B.  Summary Judgment Motion of Dauphin County and Warden DeRose

Also pending is the motion for summary judgment filed by Dauphin County and Warden DeRose. The motion is based, in part, upon a contention that Plaintiff has not alleged the elements necessary to establish liability of these Defendants. The Court agrees.

### 1. **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Mraz v. County of Lehigh,* 862 F. Supp. 1344 (E.D. Pa. 1994). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To preclude summary judgment, there must be a "genuine" issue of a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-250 (citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings. Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). When addressing a summary

6

judgment motion, our inquiry focuses on "whether *the evidence* presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52 (emphasis added).

### 2. Deliberate Indifference

As previously noted, "a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondent superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988). Although it is clear in the record that Plaintiff filed numerous inmate requests complaining of improper treatment, there is no evidence in the record to support a finding of deliberate indifference or knowing acquiescence by Dauphin County or Warden DeRose. Defendants have attached thirty (30) inmate request forms filed by Plaintiff while he was at DCP. (Doc. 20, Ex. C). Most, but not all, of the inmate requests relate to Plaintiff's complaints about the medical care. However, the requests also typically contain a notation that some relief or altered medical attention was provided promptly in response to these complaints. The record is devoid of evidence or an inference that Dauphin County or Warden DeRose knew of and disregarded a substantial risk to Plaintiff's serious medical condition. Further, a non-physician defendant will not be liable for deliberate indifference where the inmate is receiving treatment by the prison's medical staff. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3rd Cir. 1993). Ultimately, Plaintiff has not met his burden under Rule 56, and the motion for summary judgment will be granted.

### C. Dauphin County Prison

7

As it relates to Dauphin County Prison, the case will be dismissed pursuant to the provisions of 28 U.S.C. 1915(e)(2)(B)(i). Plaintiff has sought and been granted leave to proceed *in forma pauperis.* (*See* Docs. 2 and 11). The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) established new obligations for prisoners who file civil rights actions in federal court, and wish to proceed *in forma pauperis.* Section 1915 of the Act states that "the court **shall** dismiss the case **at any time** if the court determines that . . . (B) the action or appeal --- (i) is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i) (emphasis added). This section applies equally to cases that are **factually** frivolous and those that are **legally** frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). An action is **legally** frivolous if it is based upon an indisputably meritless legal theory, and may be dismissed under § 1915(e)(2)(B)(i). *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law. . . ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)). "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As previously noted, the Plaintiff must establish that the alleged wrongful conduct was committed by a state actor and it deprived the plaintiff of a right under the Constitution or laws of the United States. Plaintiff does not identify any conduct of DCP that has abridged a right or privilege of the Plaintiff. As with Dauphin County, under the most liberal interpretation, Plaintiff's allegations merely establish a difference in the course of treatment pursued by the prison medical staff and the treatment preferred by Plaintiff. Moreover, a

8

non-physician defendant will not be liable for deliberate indifference where the inmate is receiving treatment by the prison's medical staff.  *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3rd Cir. 1993).  Thus, "it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law,"  *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)) and the complaint will be dismissed as it relates to Dauphin County Prison.  An appropriate order follows.


Dated: September 1, 2005             /s/ A. Richard Caputo
                                                                   A. RICHARD CAPUTO
                                                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ANGEL R. OCASIO,** :
:
    **Plaintiff,** : **CIVIL NO. 3:CV-04-1272**
:
**v.** : **(Judge Caputo)**
:
**COUNTY OF DAUPHIN, PA, et al.,** :
:
    **Defendants.** :

# O R D E R

**AND NOW, THIS 1st DAY OF SEPTEMBER, 2005**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. The motion of Prime Care, Inc. (Doc. 16) to dismiss Plaintiff's complaint is **GRANTED**.

2. Dauphin County's and D. DeRose's motion for summary judgment (Doc. ) is **GRANTED**.

3. The Plaintiff's complaint is **DISMISSED** as it relates to Dauphin County Prison, pursuant to 28 U.S.C. 1915(e)(2)(B)(i).

4. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff, and the Clerk of Court shall mark this case closed.

5. Any appeal from this Order shall be deemed frivolous, without probable cause, and not taken in good faith.

                                  /s/ A. Richard Caputo
                                  A. RICHARD CAPUTO
                                  United States District Judge